**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PLATINUM HEIGHTS, LP | § | Case No. 25-90012 |
| | § | |
| Debtor.[1] | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## NOTICE OF FILING OF DIP PROMISSORY NOTE

**PLEASE TAKE NOTICE** that on February 20, 2025, Platinum Heights, LP (the "**Debtor**") Debtor in the above-captioned case, filed its chapter 11 petition [Docket No. 2].

**PLEASE TAKE FURTHER NOTICE** that on February 28, 2025 the Debtor filed the *Debtor's Emergency Motion for entry of Interim and Final Orders (I) Authorizing the Debtor to Incur Postpetition Credit on an Unsecured Basis, (II) Scheduling a Final Hearing, and (III) Granting Related Relief* [Dkt. No. 17] (the "**DIP Motion**").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the DIP Motion the Debtor seeks authority to enter into that certain DIP Promissory Note (the "**DIP Promissory Note**"). A true and correct copy of the DIP Promissory Note is attached hereto as **Exhibit A**.

*[remainder of page left intentionally blank]*

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is Platinum Heights, LP (4367). The location of the Debtor's corporate headquarters and the Debtor's service address is: 1917 Ashland Street, Houston, Texas 77008.

Dated: March 2, 2025                    Respectfully submitted
        Houston, TX

*/s/ Omar J. Alaniz*

**REED SMITH LLP**
Omar J. Alaniz (SBN 24040402)
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
E-mail:  oalaniz@reedsmith.com

*Proposed Counsel for the*
*Debtor and Debtor-in-Possession*

**EXHIBIT A**

## DIP PROMISSORY NOTE

$260,000.00 March [●], 2025

FOR VALUE RECEIVED, the undersigned **Platinum Heights, LP**, a Texas limited partnership (the "Borrower"), as debtor and debtor in possession under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"), Case No. 25-90012 (the "Chapter 11 Case"), hereby promises to pay to the order of **Mirza N. Baig**, an adult individual (the "Lender") the principal sum of Two Hundred Sixty Thousand Dollars ($260,000.00) ("Principal Balance"), with Interest (as defined below) thereon and such other amounts as set forth herein.

## I.      BORROWINGS

The Lender shall, on the date hereof, advance to the Borrower in the aggregate, a principal amount of Two Hundred Sixty Thousand Dollars ($260,000.00), which principal amount shall bear Interest as more particularly specified below.

## II.      INTEREST

(a)      Interest.  The outstanding Principal Balance of this Promissory Note and Security Agreement (this "Note") shall accrue interest at a fixed rate of eight percent (8.00%) per annum ("Interest").

(b)      Payment of Interest.  Borrower shall pay Lender Interest accrued on this Note monthly in arrears by adding it to the principal balance, which shall be due and payable in full in immediately available funds on the Maturity Date.

## III.      REPAYMENT AND PREPAYMENT

(a)      Repayment.  Borrower shall pay to the Lender, the aggregate outstanding Principal Balance, which shall be due and payable upon the Maturity Date of this Note or such earlier date as all principal owing hereunder becomes due and payable by acceleration or otherwise.

(b)      Maturity Date.  The Principal Balance of this Note, together with all accrued and unpaid Interest thereon, shall be due and payable in full on the earliest to occur of (i) the effective date of a confirmed plan of reorganization in the Borrower's Chapter 11 Case, (ii) the date of conversion of the Borrower's Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, (iii) the date of dismissal of the Borrower's Chapter 11 Case, or (iv) the date of acceleration of this Note upon the occurrence of an Event of Default (as defined below) (the "Maturity Date").

(c)      Payments Due Other than on a Business Day. If this Note or any payment hereunder becomes due on a day which is not a business day, the due date of this Note or payment shall be extended to the next succeeding business day, and such extension of time shall be included in computing interest in connection with such payment.

(d)      Prepayment.  Borrower shall be entitled to prepay this Note at any time partially or in full without penalty.

## IV.  REPRESENTATIONS AND WARRANTIES

The Borrower represents and warrants to the Lender that:

(a)  the Borrower is duly organized, validly existing, and in good standing under the laws of, and is fully qualified and authorized to do business in, the state of its organization and is in good standing, and is fully qualified and authorized to do business in, all other jurisdictions where that authorization or qualification is required;

(b)  the Borrower has full power and authority to engage in all of the transactions contemplated by this Note and has full power, authority, and legal right to execute and deliver, and to comply with its obligations under, this Note, which constitutes the legally binding obligation of the Borrower enforceable against the Borrower in accordance with its terms;

(c)  the Borrower has taken all necessary action to duly authorize the execution, delivery, and performance of this Note;

(d)  the Borrower's execution and delivery of this Note, will not conflict with or result in a breach of any of the provisions of the organizational documents of the Borrower, or of any applicable law, judgment, order, writ, injunction, decree, rule, or regulation of any court, administrative agency, or other governmental authority, or of any agreement or other instrument to which the Borrower is a party or by which the Borrower is bound, or constitute a default under any of the foregoing; and

(e)  the Borrower is an entity of the type, and is formed under the laws of the jurisdiction, set forth in the heading of this Note; and its true, correct, and complete legal name as it appears on its organizational documents is as set forth in the heading of this Note.

## V.  EVENTS OF DEFAULT

The occurrence of any of the following shall constitute an "Event of Default" under this Note:

(a)  the failure to pay when due any Principal Balance, Interest, fees, or other charges hereunder upon the Maturity Date;

(b)  the Borrower files a motion or other pleading seeking to convert its chapter 11 case to a case under chapter 7 of the Bankruptcy Code, or an order is entered converting the Borrower's Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code;

(c)  the Borrower files a motion or other pleading seeking to dismiss its Chapter 11 Case, or an order is entered dismissing the Borrower's Chapter 11 Case;

(d)  the Borrower fails to continue to operate its business and manage its property as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and/or

(e)     the appointment of an interim or permanent trustee in the Chapter 11 Case or the appointment of a trustee receiver or an examiner in the Chapter 11 Case with expanded powers to operate or manage the financial affairs, the business, or reorganization of the Borrower.

## VI.     MISCELLANEOUS

(a)     <u>Remedies</u>.   Upon the occurrence of any Event of Default, without demand of performance or other demand, presentment, protest, advertisement, or notice of any kind (except any notice required by law) to or upon the Borrower or any other person (all and each of which demands, presentments, protests, advertisements and notices are hereby waived), the Lender may exercise any right, power, or remedy permitted by law or as set forth herein and, without limiting the generality of the foregoing, may declare the entire unpaid principal amount hereof, all Interest accrued hereon, and all other sums owed under, or secured by, this Note to be, and such principal, Interest, and other sums shall thereupon become, immediately due and payable in full in immediately available funds.

(b)     <u>Senior Administrative Claim Treatment</u>. This Note is unsecured and shall constitute an administrative expense claim in the Chapter 11 Case pursuant to section 364(b) of the Bankruptcy Code, with priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code.

(c)     <u>Fees and Costs</u>. The Borrower shall pay to the Lender immediately upon demand the full amount of all payments, advances, charges, costs and expenses, including reasonable attorneys' fees, expended or incurred by the Lender in connection with the enforcement of the Lender's rights and/or the collection of any amounts which become due to the Lender under this Note, and the prosecution or defense of any action in any way related to this Note, including without limitation, any action for declaratory relief, whether incurred at the trial or appellate level, in an arbitration proceeding or otherwise, and including any of the foregoing incurred in connection with any bankruptcy proceeding (including, without limitation, any adversary proceeding, contested matter, or motion brought by the Lender or any other person) relating to the Borrower or any other person or entity.

(d)     <u>Governing Law</u>.   This Note shall be governed by and construed in accordance with the laws of the State of Texas, without reference to the conflicts of law or choice of law principles thereof.

(e)     <u>Amendments</u>. Except as otherwise expressly set forth in this Note, no amendment or waiver of any provision of this Note or any other Loan Document, and no consent to any departure by the Borrower therefrom, shall be effective unless in writing executed by the Borrower and the Lender, and each such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

(f)     <u>Assignments</u>. The Lender shall have the unrestricted right at any time and from time to time, and without the Borrower's consent, to sell, assign, endorse, or transfer all or any portion of its rights and obligations hereunder. This Note is a binding obligation enforceable against the Borrower and its successors and assigns and shall inure to the benefit of the Lender and its successors and assigns. Notwithstanding the foregoing, the Borrower shall not assign its

obligations hereunder, or any Interest herein, without obtaining the prior written consent of the Lender, and any assignment or attempted assignment by the Borrower without the Lender's prior written consent will be void and of no effect with respect to the Lender.

(g)     <u>Consent to Jurisdiction</u>. This Note shall be governed by and construed in accordance with the laws of the State of Texas, without regard to principles of conflicts of laws. The Borrower hereby irrevocably submits to the jurisdiction of the Bankruptcy Court for any action or proceeding arising out of or relating to this Note and any order entered by the Bankruptcy Court approving or otherwise authorizing the terms of this Note, and waives any objection to venue or inconvenient forum.

(h)     <u>No Joint Venture or Partnership</u>. Nothing in this Note is intended to, or will, create a partnership, joint venture, agency, association, syndicate, unincorporated business or any other similar relationship between the parties. This Note, together with any order entered by the Bankruptcy Court approving or otherwise authorizing the terms of this Note, embodies the entire agreement and understanding of the parties hereto with respect to the subject matter hereof, and supersedes all other agreements and understandings, whether written or oral, between the parties relating to the subject matter hereof entered into prior to this Note.

[SIGNATURE PAGES FOLLOW]

        IN WITNESS WHEREOF, the undersigned has executed this Note, with the intention that it constitute an instrument under seal, and intending to be legally bound hereby, as of the date first written above.

**BORROWER:**

PLATINUM HEIGHTS, LP

By: _____

        Name:
        Title:

**LENDER:**

MIRZA N. BAIG

By: _____