United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 03, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **PLATINUM HEIGHTS, LP,** | § | Case No. 25-90012 (ARP) |
| | § | |
| Debtor.[1] | § | |
| | § | |

**ORDER (I) APPROVING DEBTOR'S
PROPOSED FORM OF ADEQUATE ASSURANCE
OF PAYMENT FOR FUTURE UTILITY SERVICES,
(II) APPROVING DEBTOR'S PROPOSED PROCEDURES
FOR RESOLVING ADDITIONAL ASSURANCE REQUESTS, AND
(III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING,
OR DISCONTINUING SERVICES; AND (IV) GRANTING RELATED RELIEF**

Upon the motion, dated February 28, 2025 (the "**Motion**")[2] of Platinum Heights, LP as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for entry of an order, pursuant to sections 366 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) approving the Debtor's proposed form of adequate assurance of payment to the Utility Companies, (ii) establishing procedures for resolving objections by the Utility Companies relating to the adequacy of the Debtor's proposed adequate assurance, (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtor on account of the commencement of these chapter 11 cases or outstanding prepetition invoices, and (iv) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is Platinum Heights, LP (4367). The location of the Debtor's corporate headquarters and the Debtor's service address is: 1917 Ashland Street, Houston, Texas 77008.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Adequate Assurance Deposit and the Adequate Assurance Procedures are hereby approved and are deemed adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

2. The Debtor shall deposit the Adequate Assurance Deposit in the amount of $38,000.00 in a segregated account for the benefit of the Utility Companies within fourteen (14) days after the entry of this Order. The Debtor is authorized to cause the Adequate Assurance Deposit to be held in the Utility Deposit Account until either (a) the Debtor's termination of Utility Services from such Utility Companies, at the earliest, if there are no outstanding disputes related to postpetition payments due, or (b) at the conclusion of the chapter 11 cases, if not applied earlier. No liens shall encumber the Adequate Assurance Deposit or the Utility Deposit Account.

3. The following Adequate Assurance Procedures are hereby approved:

(i) Within one (1) business day after entry of this Order, the Debtor shall email, serve by mail, or otherwise expeditiously send a copy of the Motion and this Order to the Utility Companies on the Utility Services List.

(ii) The funds in the Utility Deposit Account shall constitute adequate assurance for each Utility Company in the amount set forth for such Utility Company in the column labeled "Amount of Deposit to be Provided" on the Utility Services List.

(iii) If an amount relating to Utility Services provided postpetition by a Utility Company is unpaid, and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Utility Deposit Account by giving notice to (a) proposed counsel to the Debtor, Reed Smith LLP, 2850 N. Harwood St., Dallas, TX 75230 (Attn: Omar J. Alaniz, Esq. (oalaniz@reedsmith.com)), (b) the Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, TX 77002, and (c) counsel for any official committee of unsecured creditors to be appointed in these chapter 11 cases (collectively, the "**Utility Notice Parties**"). The Debtor shall honor such request within five (5) business days after the date the request is received by the Debtor, subject to the ability of the Debtor and any such requesting Utility Company to resolve any dispute regarding such request without further order of the Court. To the extent a Utility Company receives a disbursement from the Utility Deposit Account, the Debtor shall replenish the Utility Deposit Account in the amount so disbursed.

(iv) The portion of the Adequate Assurance Deposit attributable to each Utility Company shall be returned to the Debtor automatically, without further order of the Court, on the earlier of (a) reconciliation and payment by the Debtor of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtor's termination of Utility Services from such Utility Company, (b) the effective date of any chapter 11 plan confirmed in these chapter 11 cases, or (c) the consummation of a sale, pursuant to section 363 of the Bankruptcy Code, of all or substantially all of the assets of the Debtor that utilize the services of such Utility Company. Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "**Additional Assurance Request**") on the Utility Notice Parties.

(v) The Additional Assurance Request must (a) be made in writing, (b) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each such account, (c) summarize the Debtor's payment history relevant to the affected account(s), including any security deposits or surety bonds, and (d)

|      | explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment. |
|------|---|
| (vi) | An Additional Assurance Request may be made at any time. If a Utility Company does not file and serve an Additional Assurance Request, the Utility Company shall be (a) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (b) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtor on account of any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance. |
| (vii) | The Debtor may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtor, in connection with any such agreement, may provide a Utility Company with additional adequate assurance of payment including cash deposits, prepayments, or other forms of security if the Debtor believes that such adequate assurance is reasonable. |
| (viii) | If the Debtor and the Utility Company are not able to reach a resolution within fourteen (14) days of receipt of the Additional Assurance Request, the Debtor shall request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code. |
| (ix) | Pending resolution of the Determination Hearing, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance. |

4. Notwithstanding anything in this Order, upon a timely objection filed and served on the Utility Notice Parties by any Utility Company, the Court shall conduct a hearing on March 19, 2025 at 8:30 a.m. (Central Time) (the "**Final Hearing**") to resolve any dispute between the Debtor and such Utility Company regarding the Adequate Assurance Procedures. If no such motion or objection is filed by March 17, 2025 at 4:00 p.m. (Central Time) (the "**Objection Deadline**"), the Final Hearing shall be canceled.

5. Absent compliance with the procedures set forth in the Motion and this Order, the Utility Companies, including, without limitation, those listed on **Exhibit 1** annexed hereto, are

- 4 -

prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtor, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtor's Proposed Adequate Assurance. The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures set forth herein.

6. The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtor that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto.

7. The Debtor shall not add any Utility Companies to the Utility Services List after thirty (30) days from the Petition Date.

8. The Debtor is authorized to amend the Utility Services List attached hereto as **Exhibit 1**, to add or delete any Utility Companies, with such amendment to be filed with the Court and timely served on the affected Utility Company (the "**Subsequently Identified Utility Company**") to allow sufficient time for parties to object. The Debtor shall serve a copy of this Order upon any Subsequently Identified Utility Company added to the Utility Services List within three (3) business days. Upon such amendment, any Subsequently Identified Utility Company that is added to the Utility Services List has the right to object to such inclusion within fourteen (14) days after it receives notice of the Motion and Order. If no objection is timely received, the provisions of this Order shall apply to the Subsequently Identified Utility Company. Should any objection properly be made, such Subsequently Identified Utility Company shall be permitted to make an Adequate Assurance Request in accordance with the Adequate Assurance Procedures set forth herein.

9. The Debtor shall increase the amount of the Adequate Assurance Deposit if an additional Utility Company is added to the Utility Services List by an amount equal to one half of the Debtor's average monthly cost of Utility Services provided by such Subsequently Identified Utility Company, calculated, where practicable, using the historical average for such payments during the 12 months prior to the Petition Date. The Debtor may terminate the services of any Utility Company and reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Company upon reconciliation and payment by the Debtor of the Utility Company's final invoice in accordance with applicable non-bankruptcy law following the Debtor's termination of Utility Services provided by such Utility Company; *provided, however,* that there are no outstanding disputes related to postpetition payments due; *provided* that the Debtor shall, to the extent reasonably practicable, provide at least seven (7) days' notice to any Utility Company prior to removal and shall only reduce the Adequate Assurance Deposit absent a response from any such Utility Company.

10. The relief granted herein is for all Utility Companies providing Utility Services to the Debtor and is not limited to those parties or entities listed on the Utility Services List.

11. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtor, (ii) a waiver or limitation of the Debtor's or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vii) an

admission as to the validity of any liens satisfied pursuant to the Motion, or (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

12. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

13. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

14. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

15. The Debtor is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: March 03, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge

- 8 -

**EXHIBIT 1**

**Utility Services List**

| Utility Provider Name | Type of Services Provided | Utility Provider Mailing Address | Account Number(s) | Average Monthly Spend | Existing Deposit / Surety | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| Freepoint | Electricity | 5711 Grant Ave, Cleveland OH 44105 | 28091-23906 | $34,000.00 | N | $17,000.00 |
| Cokinos | Gas | 5718 Westheimer Rd Ste 900 Housotn, TX 77057 | 4002480418 | $5,000.00 | N | $2,500.00 |
| No Sweat | Chiller/Refrigeration | 10021 Crockett Martin, Conroe, TX 77306 | | $25,000.00 | N | $12,500.00 |
| AT&T | Fire Panel | PO Box 5001 Carol Stream IL 60197 | 713426-11052812 | $600.00 | N | $300.00 |
| City of Houston | Water | PO Box 1560 Houston, TX 77251 | 6003-2888-6244 | $10,000.00 | N | $5,000.00 |
| City of Houston | Drainage | PO Box 1560 Houston, TX 77251 | 8550-5285-5043 | $250.00* | N | $125.00 |
| City of Houston | Drainage | PO Box 1560 Houston, TX 77251 | 8550-5285-6041 | $170.00* | N | $85.00 |
| City of Houston | Drainage | PO Box 1560 Houston, TX 77251 | 8550-5285-4046 | $200.00* | N | $100.00 |
| City of Houston | Drainage | PO Box 1560 Houston, TX 77251 | 8550-5285-2040 | $650.00* | N | $325.00 |

* Paid on quarterly basis