United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 03, 2025
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PLATINUM HEIGHTS, LP,[1] | § | Case No. 25-90012 (ARP) |
| | § | |
| Debtor. | § | |
| | § | |

**INTERIM ORDER
(I) AUTHORIZING POSTPETITION USE OF CASH COLLATERAL,
(II) GRANTING ADEQUATE PROTECTION TO THE SECURED LENDER,
(III) SCHEDULING A FINAL HEARING, AND (IV) GRANTING RELATED RELIEF**

On February 28, 2025, the above-captioned debtor and debtor-in-possession (the "***Debtor***") in the above-captioned chapter 11 case (the "***Case***"), filed *Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to the Secured Lender, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief* (the "***Motion***").[2] In the Motion, the Debtor requested, *inter alia*, entry of this interim order (this "***Order***") pursuant to Sections 105, 361, and 363 of title 11 of the United States Code, 11 U.S.C.§§ 101, et seq. (the "***Bankruptcy Code***"), and in accordance with Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), authorizing the Debtor's use of Cash Collateral (as hereinafter defined), as set forth herein. The Court, having considered the Motion, and having held an interim hearing on the Motion on March 3, 2025 (the "***Interim Hearing***"), and having considered the evidence presented or proffered and the statements and representations of the parties on the record at the Interim Hearing, and all objections, if any, to the entry of this Interim Order having been resolved by agreement or order

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is Platinum Heights, LP (4367). The location of the Debtor's corporate headquarters and the Debtor's service address is: 1917 Ashland Street, Houston, Texas 77008.
[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Motion.

1

of the Court or overruled; and after due deliberation and consideration and sufficient cause appearing therefor;

1. <u>The Chapter 11 Case</u>.  On February 20, 2025 (the "***Petition Date***"), the Debtor commenced the above captioned case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (this "***Court***").

2. <u>Debtor-in-Possession</u>.  The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to Section 1182(2) of the Bankruptcy Code.  To date, no trustee or examiner has been appointed in this Case.  This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

3. <u>Jurisdiction and Venue.</u>  The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.  Consideration of the Motion is a core proceeding under 28 U.S.C. §157(b).  Venue of the Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105, 361, and 363 of the Bankruptcy Code, Bankruptcy Rule 4001, and the Local Rules of this Court (the "***Local Rules***").

4. <u>Committee Formation</u>.  To date, no official committee of unsecured creditors, equity interest holders, or other parties in interest has been appointed in the Case.

5. <u>Notice</u>.  On February 28, 2025, the Debtor served copies of the Motion and notice of the Interim Hearing to all creditors and parties in interest entitled to such notice in compliance with Bankruptcy Rules 2002, 4001, 9014, and the Local Rules, including (i) the Office of the United States Trustee for this District, (ii) those creditors holding the twenty (20) largest unsecured claims against the Debtor's estate, and (iii) the Secured Lender.  Under the circumstances, such notice of the Interim Hearing and the emergency relief requested in the Motion is due, proper, and

sufficient notice and complies with Bankruptcy Rule 4001 and the Local Rules, and no other or further notice of the Interim Hearing or the relief granted in this Interim Order is necessary or required.

6. <u>Immediate Need for Use of Cash Collateral</u>.  An immediate need exists for the Debtor to obtain funds in order to continue the operation of its business.  The Debtor urgently needs the ability to use cash collateral to pay for insurance to comply with U.S. Trustee guidelines and to mitigate potential estate losses.  The Debtor also needs to pay utilities that are critical to the Debtor's tenants' patients.  The Debtor pays for gas, electricity, and water in the ordinary course, some of which are on a monthly or basis.  Interruption of the Debtor's operations and services during business hours could also have a severe impact on patient care, including emergency room services that will be available for patient use on or about March 24, 2025.

7. <u>Conditional Consent to Use of Cash Collateral</u>. The Debtor seeks authorization to use Cash Collateral to pay the Debtor's ordinary and necessary cost and expenses set forth in the budget attached to this Order as Exhibit A (the "***Budget***") for the period from the date hereof through and including the date of the Final Hearing (such period, the "***Interim Period***"). The Secured Lender has consented to the use of Cash Collateral during the Interim Period.

8. <u>Good Cause/Fair and Reasonable Terms</u>.  Good cause has been shown for the entry of this Order.  Among other things, entry of this Order will minimize disruption of the business and operations of the Debtor, including patient care, and permit the Debtor to maintain the value of the estate.  The use of Cash Collateral authorized hereunder is necessary, essential, and appropriate and is in the best interest of, and will benefit, the Debtor, its creditors, and the Debtor's estate as it will, among things, provide the Debtor with the necessary liquidity to avoid immediate and irreparable harm to the Debtor and its estate.  The terms and conditions of the use of Cash

Collateral and the liens and rights granted to the lenders hereunder are fair and appropriate under the circumstances.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

9. <u>Motion Granted</u>. The Motion is hereby granted on an interim basis as set forth herein. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

11. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

12. <u>Interim Order</u>. This Order shall be considered an interim cash collateral order and shall be binding upon all parties and upon all subsequently appointed court officers, including any trustee appointed in the Chapter 11 case under Chapter 7 or Chapter 11 of the Bankruptcy Code.

13. <u>DIP Account</u>. The Debtor shall maintain a debtor-in-possession ("***DIP***") account at B1 Bank, which account shall contain all operating revenues and any other source of cash constituting Cash Collateral, which is (or has been) generated by and is attributable to the Debtor's business (the "***DIP Account***"). All cash generated by the Debtor or from the Debtor's business or assets, including any cash held in any of the Debtor's prepetition bank accounts, shall be immediately transferred by the Debtor to the DIP Account. The Debtor shall be prohibited from withdrawing or using Cash Collateral funds from the DIP Account except as provided for in the Budget, this Order, or pursuant to further order of the Court.

14. <u>Terms of Cash Collateral Use</u>. The Debtor is hereby authorized to use Cash Collateral to pay the items set forth in the Budget, and up to the respective aggregate amount of disbursements set forth in the Budget for any week during the Interim Period. The Debtor shall

not use, sell, or expend, directly or indirectly, the Cash Collateral except pursuant to, and in the amounts set forth in, the Budget and upon the terms and conditions set forth in this Order.

15. <u>Further Authorization</u>.  The Debtor is hereby authorized to enter into all agreements pursuant to the terms of this Order necessary to allow the Debtor to use Cash Collateral subject to the terms of this Order in the amounts and for the expenses set forth in the Budget.  The Debtor is authorized to collect and receive all accounts receivable and other operating revenues and immediately deposit the same in the DIP Account.

16. <u>Taxes</u>.  Nothing in this Order shall be construed to grant the Secured Lender liens which are senior to pre-and postpetition statutory ad valorem real property tax liens or personal property tax liens.

17. <u>Adequate Protection – Replacement Liens</u>.  As adequate protection for any diminution in value of each of Secured Lender's interest in the Debtor's collateral, if any, including Cash Collateral, resulting from the imposition of the automatic stay with respect to the Collateral and/or the Debtor's use, sale, or lease of the Collateral during the Case (the "***Diminution in Value***"), the Secured Lender is hereby granted, effective as of the Petition Date, valid, binding, enforceable and automatically perfected liens in all post-petition property of the Debtor, of the same nature, to the same extent, and with the same priority as such Secured Lender's lien existing as of the Petition Date (the "***Replacement Liens***") *provided*, *however*, that the Replacement Liens shall be subject to (i) the Carve Out and (ii) all prepetition liens in the same order and priority held as of the Petition Date.

18. <u>Additional Adequate Protection</u>.  In addition to the Replacement Liens, on or before April 4, 2025, the Debtor shall also make the regularly scheduled payment of $191,134 and thereafter shall continue paying its regularly scheduled payments to the Secured Lender.

Furthermore, the Debtor shall consult with Frank Kimball of SRS Houston Heights, LLC in connection with any material filing in this chapter 11 case at least three (3) business days before such filing, if practical. Such material filing shall include the employment of any estate professional, any motion to incur debt, any motion to sell any of the Debtor's assets, any proposed amendment to the Budget, and any filing related to a plan of reorganization

19. Carve Out. The Replacement Liens granted herein shall be subject to the sums of: (a) all fees required to be paid to the Clerk of the Court and to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6), plus interest at the statutory rate; (b) all reasonable fees and expenses up to $75,000 incurred by a trustee under sections 726(b) and 1104 of the Bankruptcy Code; (c) fees payable to the Clerk of the Court; and (d) subject to the Budget, up to $200,000 of court-approved administrative expense claims of estate professionals, employed pursuant to order of this Court, for incurred but unpaid fees, expenses and other costs (all such carve-out amounts referenced above, collectively, the "***Carve Out***").

20. Subsequent Modification of Order. If any or all of the provisions of this Order are hereafter modified, vacated, or stayed, such modification, vacation, or stay shall not affect the validity of any obligation, indebtedness or liability incurred by the Debtor from the Petition Date through the effective date of such modification, vacation, or stay, or the validity or enforceability of any lien or security interest authorized or created by this Order.

21. Reservation of Rights. Nothing herein shall prejudice the rights of B1 Bank or the Debtor to seek relief afforded to them under the Bankruptcy Code, including any right to defend against any such relief sought.

22. Final Cash Collateral Hearing. A final hearing on the Motion shall be held before this Court on March 19, 2025 at 8:30 a.m. in Courtroom. The Debtor shall within two (2)

business days of entry of this Order, serve by U.S. mail, first class postage, copies of the Motion, this Order, and a notice of the final hearing (the "Final Hearing Notice") on all creditors and parties in interest entitled to such notice in compliance with Bankruptcy Rules 2002, 4001, 9014, and the Local Rules, including (i) the Office of the United States Trustee for this District, (ii) those creditors holding the twenty (20) largest unsecured claims against the Debtor's estate, and (iii) the Secured Lender.

23. The Final Hearing Notice shall include that the deadline to object to entry of a final cash collateral order is March 17, 2025, at 5:00 pm Central Time, provided that the Secured Lender and the Debtor may agree to an extension of the Secured Lender's deadline to object to the entry of the final order at any time prior to the final hearing.

24. The Court shall retain jurisdiction to interpret, implement, and enforce this Order.

Signed: March 03, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge

## Exhibit A

Budget