United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 03, 2025
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PLATINUM HEIGHTS, LP,[1] | § | Case No. 25-90012 (ARP) |
| | § | |
| Debtor. | § | |
| | § | |

**INTERIM ORDER AUTHORIZING DEBTOR'S EMERGENCY MOTION
FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR
TO INCUR POSTPETITION CREDIT ON AN UNSECURED BASIS, (II) SCHEDULING
A FINAL HEARING, AND (III) GRANTING RELATED RELIEF**

On February 28, 2025, the above-captioned debtor and debtor-in-possession (the "*Debtor*") in the above-captioned chapter 11 case (the "*Case*"), filed *Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Incur Postpetition Credit on an Unsecured Basis, (II) Scheduling a Final Hearing, and (III) Granting Related Relief* (the "*Motion*").[2] In the Motion, the Debtor requested, *inter alia*, entry of this interim order (this "*Order*") pursuant to Sections 105 and 364(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "*Bankruptcy Code*"), and in accordance with Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), authorizing the Debtor's to incur unsecured debt outside of the ordinary course of business as set forth herein. The Court, having considered the Motion, and having held an interim hearing on the Motion on March 3, 2025 (the "*Interim Hearing*"), and having considered the evidence presented or proffered and the statements and representations of the parties on the record at the Interim Hearing, and all objections, if any, to the entry of this Interim Order having been resolved by agreement or order

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is Platinum Heights, LP (4367). The location of the Debtor's corporate headquarters and the Debtor's service address is: 1917 Ashland Street, Houston, Texas 77008.

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Motion.

- 1 -

of the Court or overruled; and after due deliberation and consideration and sufficient cause appearing therefor;

1.     <u>The Chapter 11 Case</u>. On February 20, 2025 (the "***Petition Date***"), the Debtor commenced the above captioned case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (this "***Court***").

2.     <u>Debtor-in-Possession</u>. The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to Section 1182(2) of the Bankruptcy Code. To date, no trustee or examiner has been appointed in this Case. This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

3.     <u>Jurisdiction and Venue.</u> The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. Consideration of the Motion is a core proceeding under 28 U.S.C. §157(b). Venue of the Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105 and 364(b) of the Bankruptcy Code, Bankruptcy Rule 4001, and the Bankruptcy Local Rules.

4.     <u>Committee Formation</u>. To date, no official committee of unsecured creditors, equity interest holders, or other parties in interest has been appointed in the Case.

5.     <u>Notice</u>. On February 28, 2025, the Debtor served copies of the Motion and notice of the Interim Hearing to all creditors and parties in interest entitled to such notice in compliance with Bankruptcy Rules 2002, 4001, 9014, and the Bankruptcy Local Rules, including (i) the Office of the United States Trustee for this District, (ii) those creditors holding the twenty (20) largest unsecured claims against the Debtor's estate, and (iii) the Secured Lender. Under the circumstances, such notice of the Interim Hearing and the emergency relief requested in the Motion

is due, proper, and sufficient notice and complies with Bankruptcy Rule 4001 and the Local Rules, and no other or further notice of the Interim Hearing or the relief granted in this Interim Order is necessary or required.

6. <u>Immediate Need for Postpetition Financing</u>.  An immediate need exists for the Debtor to obtain funds in order to continue the operation of its business.  The Debtor urgently needs the authority to enter into the DIP Facility to pay for insurance to comply with United States Trustee guidelines and to mitigate potential estate losses.  The Debtor also needs to pay utilities that are critical to the Debtor's tenants' patients.  The Debtor pays for gas, electricity, and water in the ordinary course, some of which are on a monthly or quarterly basis.  Interruption of the these utilities could interrupt the Debtor's operations and services during business hours which would also have a severe impact on patient care, including emergency room services that will be available for patient use on or about March 24, 2025.

7. <u>Budget</u>. The Debtor seeks authorization to use the proceeds of the DIP Facility to pay the Debtor's ordinary and necessary cost and expenses set forth in the budget attached to this Order as Exhibit A (the "***Budget***") for the period from the date hereof through and including the date of the Final Hearing (such period, the "***Interim Period***").

8. <u>Good Cause/Fair and Reasonable Terms</u>.  Good cause has been shown for the entry of this Order.  Among other things, entry of this Order will minimize disruption of the business and operations of the Debtor, including patient care, and permit the Debtor to maintain the value of the estate.  Entry into the DIP Facility authorized hereunder is necessary, essential, and appropriate and is in the best interest of, and will benefit, the Debtor, its creditors, and the Debtor's estate as it will, among things, provide the Debtor with the necessary liquidity to avoid immediate

and irreparable harm to the Debtor and its estate. The terms and conditions of the DIP Facility are fair and appropriate under the circumstances.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

9. <u>Motion Granted</u>. The Motion is hereby granted on an interim basis as set forth herein. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

11. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

12. <u>Interim Order</u>. This Order shall be considered an interim postpetition financing order and shall be binding upon all parties and upon all subsequently appointed court officers, including any trustee appointed in the Chapter 11 case under Chapter 7 or Chapter 11 of the Bankruptcy Code.

13. <u>Terms of Use for DIP Facility</u>. The Debtor is hereby authorized to use the proceeds of the DIP Facility in accordance with the DIP Loan Documents and to pay the items set forth in the Budget, and up to the respective aggregate amount of disbursements set forth in the Budget for any week during the Interim Period. The Debtor shall not use, sell, or expend, directly or indirectly, the proceeds of the DIP Facility except pursuant to, and in the amounts set forth in, the Budget and upon the terms and conditions set forth in this Order.

14. <u>Further Authorization</u>. The Debtor is hereby authorized to enter into all agreements pursuant to the terms of this Order necessary to allow the Debtor to use the proceeds of the DIP Facility subject to the terms of this Order in the amounts and for the expenses set forth in the Budget.

15. <u>Subsequent Modification of Order</u>.  If any or all of the provisions of this Order are hereafter modified, vacated, or stayed, such modification, vacation, or stay shall not affect the validity of any obligation, indebtedness or liability incurred by the Debtor from the Petition Date through the effective date of such modification, vacation, or stay, or the validity or enforceability of any lien or security interest authorized or created by this Order.

16. <u>Final DIP Hearing</u>. A final hearing on the Motion shall be held before this Court on March 19, 2025 at 8:30 a.m. in Courtroom.  The Debtor shall within two (2) business days of entry of this Order, serve by U.S. mail, first class postage, copies of the Motion, this Order, and a notice of the final hearing (the "<u>Final Hearing Notice</u>") on all creditors and parties in interest entitled to such notice in compliance with Bankruptcy Rules 2002, 4001, 9014, and the Local Rules, including (i) the Office of the United States Trustee for this District, (ii) those creditors holding the twenty (20) largest unsecured claims against the Debtor's estate, and (iii) the Secured Lender.

17. The Final Hearing Notice shall include that the deadline to object to entry of a final cash collateral order is March 17, 2025, at 5:00 pm Central Time, provided that the Secured Lender and the Debtor may agree to an extension of the Secured Lender's deadline to object to the entry of the final order at any time prior to the final hearing.

18. The Court shall retain jurisdiction to interpret, implement, and enforce this Order.

Signed: March 03, 2025

_____<br>
Alfredo R Pérez<br>
United States Bankruptcy Judge

# **<u>Exhibit 1</u>**

Budget

**Platinum Heights LP**
*First Interim Cash Collateral and DIP Budget*

| Period:<br>Week Ending: | | Forecast<br>1<br>3/7/2025 | Forecast<br>2<br>3/14/2025 | Forecast<br>3<br>3/21/2025 | Forecast<br><br>TOTAL |
|---|---|---:|---:|---:|---:|
| **Beginning Cash Balance** | $ | 30,512 $ | 50,588 $ | 50,588 $ | 30,512 |
| *RECEIPTS* | | | | | |
| Base Rent | | 47,645 | - | - | 47,645 |
| Rent Reimbursement | | - | - | - | - |
| DIP Advances | | 190,000 | - | - | 190,000 |
| **Total Cash Receipts** | | 237,645 | - | - | 237,645 |
| *DISBURSEMENTS* | | | | | |
| Property Insurance | | (94,320) | - | - | (94,320) |
| HVAC Rental | | (25,000) | - | - | (25,000) |
| Electricity | | - | - | - | - |
| Gas | | - | - | - | - |
| Water | | - | - | - | - |
| Trash | | - | - | - | - |
| Security | | - | - | - | - |
| Elevator Maintenance Contract | | (50,000) | - | - | (50,000) |
| Fire System.Life Safety | | - | - | - | - |
| Landscaping | | - | - | - | - |
| Medgas | | - | - | - | - |
| Property Maint/Janitorial | | - | - | - | - |
| Water Management | | (10,250) | - | - | (10,250) |
| **Total Operating Expenses** | | (179,570) | - | - | (179,570) |
| *Bankruptcy Costs* | | | | | |
| Adequate Protection - Prepetition Secured Lender | | - | - | - | - |
| United States Trustee Fee | | - | - | - | - |
| Utility Adequate Assurance Reserve | | (38,000) | - | - | (38,000) |
| Debtor Counsel: Reed Smith | | - | - | - | - |
| Debtor FA: Harney Partners | | - | - | - | - |
| Unsecured Creditors Committee Professionals | | - | - | - | - |
| **Total Bankrutpcy Costs** | | (38,000) | - | - | (38,000) |
| **Net Cash Flow** | | 20,076 | - | - | 20,076 |
| **Ending Cash Balance** | $ | 50,588 $ | 50,588 $ | 50,588 $ | 50,588 |
| | | | | | |
| **Total DIP Advances** | | | | | |
| Beginning Balance | | - | 220,000 | 220,000 | - |
| Advances | | 220,000 | - | - | 220,000 |
| Paydowns | | - | - | - | - |
| **Ending Balance** | | 220,000 | 220,000 | 220,000 | 220,000 |