Case 25-90012   Document 73   Filed in TXSB on 03/24/25   Page 1 of 7

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 24, 2025
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PLATINUM HEIGHTS, LP,[1] | § | Case No. 25-90012 (ARP) |
| | § | |
| Debtor. | § | |
| | § | |

**FINAL ORDER AUTHORIZING DEBTOR'S EMERGENCY MOTION
FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR
TO INCUR POSTPETITION CREDIT ON AN UNSECURED BASIS, (II) SCHEDULING
A FINAL HEARING, AND (III) GRANTING RELATED RELIEF**

On February 28, 2025, the above-captioned debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "*Case*"), filed *Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Incur Postpetition Credit on an Unsecured Basis, (II) Scheduling a Final Hearing, and (III) Granting Related Relief* (the "Motion").[2] In the Motion, the Debtor requested, *inter alia*, entry of this final order (this "Order") pursuant to Sections 105 and 364(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and in accordance with Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to incur unsecured debt outside of the ordinary course of business as set forth herein. The Court, having considered and approved the relief requested in the Motion on an interim basis on March 3, 2025 after notice and hearing, having held a final hearing on the Motion on March 24, 2025 (the "Final Hearing") and having considered the evidence presented or proffered and the statements and representations of the parties on the record at the Final Hearing, and all objections, if any, to the entry of this Final

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is Platinum Heights, LP (4367). The location of the Debtor's corporate headquarters and the Debtor's service address is: 1917 Ashland Street, Houston, Texas 77008.

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Motion.

1

4926-2477-2908.1

Order having been resolved by agreement or order of the Court or overruled; and after due deliberation and consideration and sufficient cause appearing therefor;

1. <u>The Chapter 11 Case</u>.  On February 20, 2025 (the "<u>Petition Date</u>"), the Debtor commenced the above captioned case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (this "<u>Court</u>").

2. <u>Debtor-in-Possession</u>.  The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  To date, no trustee or examiner has been appointed in this Case.  This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

3. <u>Jurisdiction and Venue.</u>  The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.  Consideration of the Motion is a core proceeding under 28 U.S.C. § 157(b).  Venue of the Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105 and 364(b) of the Bankruptcy Code, Bankruptcy Rule 4001, and the Bankruptcy Local Rules.

4. <u>Committee Formation</u>.  To date, no official committee of unsecured creditors, equity interest holders, or other parties in interest has been appointed in the Case.

5. <u>Notice</u>.  On March 3, 2025, the Debtor served copies of the notice of the Final Hearing to all creditors and parties in interest entitled to such notice in compliance with Bankruptcy Rules 2002, 4001, 9014, and the Bankruptcy Local Rules, including (i) the Office of the United States Trustee for this District, (ii) those creditors holding the twenty (20) largest unsecured claims against the Debtor's estate, and (iii) the Secured Lender.  Under the circumstances, such notice of the Final Hearing and the emergency relief requested in the Motion

is due, proper, and sufficient notice and complies with Bankruptcy Rule 4001 and the Local Rules, and no other or further notice of the Final Hearing or the relief granted in this Final Order was necessary or required.

6. <u>Interim Relief</u>.  On March 3, 2025, a hearing was held before this Court seeking entry of an order (the "<u>Interim Order</u>") providing the relief requested on an interim basis.  On March 3, 2025 this Court entered the Interim Order that authorized the DIP Facility on an interim basis in accordance with the three (3) week budget attached to the Interim Order and scheduled the Final Hearing.

7. <u>Budget</u>. The Debtor seeks authorization to use the proceeds of the DIP Facility to pay the Debtor's ordinary and necessary cost and expenses set forth in the budget attached to this Order as Exhibit A (the "<u>Budget</u>").  As set forth at the Final Hearing, the DIP Facility will be increased by an additional $75,000 from the amount requested in the Motion on an unsecured basis to avoid any shortfalls in the Budget.  No amendments or extensions of the Budget shall be authorized or approved without further order of this Court, after notice and a hearing.

8. <u>Good Cause/Fair and Reasonable Terms</u>.  Good cause has been shown for the entry of this Order.  Among other things, entry of this Order will minimize disruption of the business and operations of the Debtor, including patient care, and permit the Debtor to maintain the value of the estate.  The Debtor needs to pay utilities that are critical to the Debtor's tenants' patients.  The Debtor pays for gas, electricity, and water in the ordinary course, some of which are on a monthly or quarterly basis.  Interruption of these utilities could interrupt the Debtor's operations and services during business hours which would also have a severe impact on patient care, including emergency room services that will be available for patient use on or about March 24, 2025. Entry into the DIP Facility authorized hereunder is necessary, essential, and appropriate and

4926-2477-2908.1

is in the best interest of, and will benefit, the Debtor, its creditors, and the Debtor's estate as it will, among things, provide the Debtor with the necessary liquidity to avoid immediate and irreparable harm to the Debtor and its estate.  The terms and conditions of the DIP Facility are fair and appropriate under the circumstances.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

9. <u>Motion Granted</u>. The Motion is hereby granted on a final basis as set forth herein. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

11. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

12. <u>Terms of Use for DIP Facility</u>.  The Debtor is hereby authorized to use the proceeds of the DIP Facility in accordance with the DIP Loan Documents and to pay the items set forth in the Budget, and up to the respective aggregate amount of disbursements set forth in the Budget. The Debtor shall not use, sell, or expend, directly or indirectly, the proceeds of the DIP Facility except pursuant to, and in the amounts set forth in, the Budget and upon the terms and conditions set forth in this Order.

13. <u>Further Authorization</u>.  The Debtor is hereby authorized to enter into all agreements pursuant to the terms of this Order necessary to allow the Debtor to use the proceeds of the DIP Facility subject to the terms of this Order in the amounts and for the expenses set forth in the Budget.  No further borrowings shall be authorized under this Order.

14. <u>Subsequent Modification of Order</u>.  If any or all of the provisions of this Order are hereafter modified, vacated, or stayed, such modification, vacation, or stay shall not affect the

validity of any obligation, indebtedness or liability incurred by the Debtor from the Petition Date through the effective date of such modification, vacation, or stay, or the validity or enforceability of any lien or security interest authorized or created by this Order.

15. The Court shall retain jurisdiction to interpret, implement, and enforce this Order.

Signed: March 24, 2025

Alfredo R Pérez
United States Bankruptcy Judge

## **Exhibit 1**

Budget

4926-2477-2908.1

**Platinum Heights LP**
*Second Interim DIP Budget*

| Period:<br>Week Ending: | | Forecast<br>4<br>3/28/2025 | | Forecast<br>5<br>4/4/2025 | | Forecast<br>6<br>4/11/2025 | | Forecast<br>7<br>4/18/2025 | | Forecast<br><br>TOTAL |
|---|---|---:|---|---:|---|---:|---|---:|---|---:|
| **Beginning Cash Balance** | $ | 228,589 | $ | 303,589 | $ | 113,214 | $ | 49,470 | $ | 228,589 |
| *RECEIPTS* | | | | | | | | | | |
| PAM Health | | - | | 69,211 | | - | | - | | 69,211 |
| Ashland Healthcare | | - | | - | | - | | - | | - |
| DIP Advances | | 75,000 | | | | | | | | 75,000 |
| **Total Cash Receipts** | | 75,000 | | 69,211 | | - | | - | | 144,211 |
| *DISBURSEMENTS* | | | | | | | | | | |
| Property Insurance | | - | | - | | (28,743) | | - | | (28,743) |
| HVAC Rental | | - | | - | | - | | - | | - |
| Electricity | | - | | (34,000) | | - | | - | | (34,000) |
| Gas | | - | | (2,089) | | - | | - | | (2,089) |
| Water | | - | | (11,246) | | - | | - | | (11,246) |
| Trash | | - | | (2,017) | | - | | - | | (2,017) |
| Security | | - | | - | | - | | - | | - |
| Elevator Maintenance Contract | | - | | (1,850) | | - | | - | | (1,850) |
| Fire System.Life Safety | | - | | (600) | | - | | - | | (600) |
| Landscaping | | - | | (1,400) | | - | | - | | (1,400) |
| Medgas | | - | | (5,000) | | - | | - | | (5,000) |
| Property Maint/Janitorial | | - | | - | | - | | - | | - |
| Water Management | | - | | (10,250) | | - | | - | | (10,250) |
| **Total Operating Expenses** | | - | | (68,452) | | (28,743) | | - | | (97,195) |
| *Bankruptcy Costs* | | | | | | | | | | |
| Adequate Protection - Prepetition Secured Lender | | - | | (191,134) | | - | | - | | (191,134) |
| United States Trustee Fee | | - | | - | | - | | (500) | | (500) |
| Utility Adequate Assurance Reserve | | - | | - | | - | | - | | - |
| Debtor Counsel: Reed Smith | | - | | - | | - | | - | | - |
| Debtor FA: Harney Partners | | - | | - | | (35,000) | | - | | (35,000) |
| Unsecured Creditors Committee Professionals | | - | | - | | - | | - | | - |
| **Total Bankrutpcy Costs** | | - | | (191,134) | | (35,000) | | (500) | | (226,634) |
| **Net Cash Flow** | | 75,000 | | (190,375) | | (63,743) | | (500) | | (179,618) |
| **Ending Cash Balance** | $ | 303,589 | $ | 113,214 | $ | 49,470 | $ | 48,970 | $ | 48,970 |
| | | | | | | | | | | |
| **Total DIP Advances** | | | | | | | | | | |
| Beginning Balance | | 260,000 | | 335,000 | | 335,000 | | 335,000 | | 260,000 |
| Advances | | 75,000 | | - | | - | | - | | 75,000 |
| Paydowns | | - | | - | | - | | - | | - |
| **Ending Balance** | | 335,000 | | 335,000 | | 335,000 | | 335,000 | | 335,000 |