United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 23, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PLATINUM HEIGHTS, LP | § | Case No. 25-90012 |
| | § | |
| Debtor.[1] | § | |

### ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, (II) SETTING THE GOVERNMENTAL BAR DATE, (III) APPROVING THE FORM OF PROOFS OF CLAIM AND THE MANNER OF FILING, (IV) APPROVING NOTICE OF BAR DATES, AND (V) GRANTING RELATED RELIEF
(Relates to ECF No. [98])

Upon the motion (the "*Motion*"), of the above-captioned debtor (the "*Debtor*"), for entry of an order (the "*Bar Date Order*") (a) establishing the General Bar Date; (b) establishing the Governmental Bar Date; (c) establishing the Rejection Damages Bar Date; (d) establishing the Amended Schedules Bar Date; (e) authorizing supplemental mailings; (f) approving the proposed Proof of Claim Form; (g) approving notice of the Bar Dates; and (h) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to decide the Motion and to enter this Bar Date Order pursuant to 28 U.S.C. § 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, such notice being adequate and appropriate under the circumstances; and after notice and a hearing, as defined in section 102 of the Bankruptcy Code; and this Court having determined that the legal

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is Platinum Heights, LP (4367). The location of the Debtor's corporate headquarters and the Debtor's service address is: 1917 Ashland Street, Houston, Texas 77008.

and factual bases set forth in the Motion and in the record establish just cause for entry of this Order; and it appearing that entry of this Order is in the best interests of the Debtor's estates; it is hereby ORDERED that:

**I.      THE BAR DATES**

1. Each entity[2] that asserts a claim against the Debtor that arose before the Petition Date shall be required to file an original, written proof of claim ("***Proof of Claim***") on Official Form 410 substantially in the form attached to this Order as Exhibit 1 (the "***Proof of Claim Form***".)

2. Except in the cases of governmental units and certain other exceptions explicitly set forth herein, **May 28, 2025, at 5:00 p.m.** (Prevailing Central Time) (the "***General Bar Date***") is the deadline for each entity to file a Proof of Claim for any prepetition claim other than a claim that is governed by a more specific Bar Date set forth below or that is exempt from filing a Proof of Claim pursuant to the Bar Date Order.

3. Except in the case of exceptions explicitly set forth herein, August 19, 2025, at 5:00 p.m. (Prevailing Central Time) (the "***Governmental Bar Date***") is the deadline for all governmental units to file a Proof of Claim for any prepetition claim (whether secured, unsecured priority, or unsecured non-priority), and including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party, other than a claim that is governed by a more specific Bar Date set forth below or that is exempt from filing a Proof of Claim pursuant to the Bar Date Order.

---

[2] Except as otherwise defined in this Order or in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

4. Unless otherwise ordered, all entities asserting claims arising from the Debtor's rejection of executory contracts or unexpired leases shall file a Proof of Claim on account of such rejection by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is 30 days following entry of the order approving the Debtor's rejection of the applicable executory contract or unexpired lease (the "*Rejection Damages Bar Date*").

5. If the Debtor amends their schedules of assets and liabilities (the "*Schedules*") after having given notice of the Bar Dates (as defined herein), the deadline for any entity adversely affected by the amendment, which has not then filed a proof of claim, to file a proof of claim for any prepetition claim (including any request for payment under section 503(b)(9) of the Bankruptcy Code) whose subject matter is related to the amendment, shall be the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Central Time) on the date that is 30 days from the date on which the Debtor provide notice of the amendment (such later date, the "*Amended Schedules Bar Date*" and, together with the General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "*Bar Date*" or "*Bar Dates*").

6. All Proofs of Claim must be filed or submitted so as to be *actually received* by the Claims and Noticing Agent on or before the applicable Bar Date. If Proofs of Claim are not received by the Claims and Noticing Agent on or before the applicable Bar Date, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtor and precluded from voting on any plans of reorganization filed in this chapter 11 case and/or receiving distributions from the applicable Debtor on account of such claims in this chapter 11 case.

7. The Bar Dates established by this Bar Date Order supersede any bar dates established, filed, noticed, or previously served in this Chapter 11 Case.

## II. PROOFS OF CLAIM

### A. Who Must File

8. The following categories of claimants, in the capacities described below, shall be required to file a Proof of Claim by the Bar Date:

    (a) any entity whose claim against a Debtor is not listed in the Debtor's Schedules;

    (b) any entity whose claim against a Debtor is listed as contingent, unliquidated, or disputed in the Debtor's Schedules;

    (c) any entity that desires to have its claim allowed in a different classification or amount from the classification or identified in the Debtor's Schedules.

9. The following categories of claimants, in the capacities described below, shall not be required to file a Proof of Claim by the Bar Date:

    (a) the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

    (b) any entity that has already filed a signed proof of claim against the Debtor with the Clerk of the Bankruptcy Court on a form substantially similar to Official Form 410;

    (c) any entity whose claim is listed on the Schedules if (i) the claim is *not* scheduled by the Debtor as disputed, contingent, or unliquidated; (ii) the entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) the entity does not dispute that its claim is an obligation only of the Debtor on whose Schedules the claim is listed;

    (d) any entity whose claim has already been allowed by a final order of this Court;

    (e) any entity whose claim is solely against a non-Debtor (including a non-Debtor that is an affiliate of a Debtor);

    (f) any entity whose claim has been paid in full by a Debtor pursuant to the Bankruptcy Code or in accordance with a Court order;

    (g)    any current officer, manager, director, or employee of the Debtor for claims based on indemnification, contribution, or reimbursement; *provided* that if, at any time prior to the effective date of a chapter 11 plan or closing of the Chapter 11 Case, any such person is no longer an officer, manager, director, or employee of the Debtor, then such person shall be required to file a proof of claim within 30 days after the date when he or she is no longer an officer, manager, director, or employee;

    (h)    any entity holding a claim for which a separate deadline is fixed by this Court;

    (i)    any entity holding a claim that the Court exempts from filing a proof of claim; and

    (j)    any entity holding a claim that is allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an actual, necessary cost or expense of preserving the Debtor's estates, to the extent of the administrative claim.

**B.**     **Procedures for Filing**

10.     The following requirements shall apply with respect to filing and preparing each Proof of Claim:

    (a)    *Form*. Each proof of claim must be filed with the Clerk of the Bankruptcy Court on Official Form 410 in substantially the form attached as Exhibit 1.

    (b)    *Signatures*. Only *original* proofs of claim are acceptable for purposes of claims administration. Each proof of claim must be signed—in ink for a physical proof of claim or by electronic signature for an electronic proof of claim—by the claimant or by an authorized agent or legal representative of the claimant on the claimant's behalf.

    (c)    *Contents*. Each proof of claim must be written or printed in legible English. Any liquidated claim amount that is asserted must be denominated in U.S. dollars. Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d), except that, with written consent of Debtor's counsel, a proof of claim may include a summary of voluminous documentation. To the extent that voluminous documentation is summarized, the claimant shall transmit such documentation to counsel to the Debtor or any other party in interest within 5 business days upon request.

    (d)    *Delivery*. Each proof of claim must be filed, including supporting documentation, through one of the following methods: (i) by first class mail, overnight mail, or hand delivery, to the following address: United States Bankruptcy Court, P.O. Box 3900, Houston, Texas 77002; or (ii) by electronically filing through Pacer at https://ecf.txsb.uscourts.gov. Proofs of claim submitted by fax or email will not be accepted. Claimants who deliver a physical proof of claim to the United States Bankruptcy Court and wish to receive acknowledgement of the submission must also deliver to the Clerk a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form) and a self- addressed stamped envelope.

    (e)    *Timing*. Each proof of claim must be delivered in the foregoing manner so that the proof of claim is *actually received* by the Clerk of the Court on or before the applicable Bar Date.

### C. Consequences of Failing to File

11. Any person or entity that fails to file a timely proof of claim that is required by the Bar Date Order shall be barred, estopped and enjoined from asserting its claim against the Debtor or its estate (and from filing or amending a proof of claim to assert such a claim), and the Debtor and its property and estate shall be discharged from any indebtedness or liability with respect to or arising from such a claim. Such a person or entity shall also be prohibited from voting to accept or reject any plan of reorganization in this Chapter 11 Case on account of such a claim or participating in any distribution in this Chapter 11 Case on account of such a claim, and shall not be entitled to receive further notices on account of such a claim. Such a person or entity shall not be treated as a creditor with respect to such a claim for any purpose in this Chapter 11 Case.

## III. NOTICE PROCEDURES

### A. Mailing of Bar Date Notices

12. Pursuant to Bankruptcy Rule 2002(a)(7), the Debtor shall cause written notice of the Bar Dates to be mailed via first-class mail to the entities listed below (or their respective counsel, if known). The notice will be in substantially the form attached to the Bar Date Order as

Exhibit 2 (the "**Bar Date Notice**") and will be accompanied by a Proof of Claim Form (together, the "**Bar Date Package**").

    (a)    the U.S. Trustee;

    (b)    counsel or proposed counsel to any statutory committee appointed in this Chapter 11 Case;

    (c)    all creditors and other known holders of claims or purported claims against the Debtor as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtor;

    (d)    all entities that have requested notice of proceedings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002, as of the date of entry of the Bar Date Order;

    (e)    all entities that have filed proofs of claim in this Chapter 11 Case as of the date of the entry of the Bar Date Order;

    (f)    all known non-Debtor equity holders or interest holders of the Debtor as of the date of entry of the Bar Date Order;

    (g)    all entities that are party to executory contracts or unexpired leases with the Debtor;

    (h)    all entities that are party to active litigation with the Debtor;

    (i)    all current and former employees (to the extent that contact information for former employees is available in the Debtor's records);

    (j)    all regulatory authorities that regulate the Debtor's businesses;

    (k)    the attorney general for the State of Texas;

    (l)    the Office of the U.S. Attorney for the Southern District of Texas;

    (m)    the District Director of the Internal Revenue Service for the Southern District of Texas;

    (n)    all other taxing authorities for the jurisdictions in which the Debtor maintain or conduct business; and

    (o)    all other entities listed on the Debtor's matrix of creditors.

13.    The Debtor shall provide each Scheduled creditor with a Proof of Claim Form that sets forth (a) which Debtor the creditor's claim has been Scheduled against, (b) the Scheduled

amount of the claim, if any, (c) whether the claim is Scheduled as contingent, unliquidated, or disputed, and (d) whether the claim is Scheduled as secured, unsecured priority, or unsecured non-priority. However, the Debtor's failure to provide any creditor with a personalized Proof of Claim shall not excuse that creditor from filing a proof of claim, if required by the Bar Date Order. Each creditor that receives a personalized Proof of Claim Form may correct any information that it believes is missing, incorrect, or incomplete.

### B.  Supplemental Mailings

14. After the initial mailing of the Bar Date Package, the Debtor may, in its discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[3] (b) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers) decline to distribute notices to these parties and instead return their names and addresses to the Debtor for direct mailing; and (c) additional potential claimants or parties in interest become known to the Debtor. In this regard, the Debtor is permitted to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 14 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

## IV.  MISCELLANEOUS ORDERS

15. Notwithstanding any provision of the Bankruptcy Rules or Local Rules, the terms of this Order shall be immediately effective and enforceable upon its entry.

16. The Debtor and their agents are authorized to take all steps necessary or appropriate to carry out this Order.

---

[3] To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtor is not required to mail additional notices to such creditors.

- 9 -

17. This Court shall retain jurisdiction over all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: April 23, 2025

*[signature]*
Alfredo R Pérez
United States Bankruptcy Judge