IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PLATINUM HEIGHTS, LP | § | Case No. 25-90012 (ARP) |
| | § | |
| Debtor. | § | |

**B1 BANK'S OBJECTION TO DEBTOR'S
AMENDED EMERGENCY MOTION FOR ENTRY OF ORDER
<u>SURCHARGING CERTAIN COLLATERAL</u>**

Creditor, b1 Bank ("b1 Bank"), files its Objection to Debtor's Amended Emergency Motion for Entry of Order Surcharging Certain Collateral in the above-entitle proceeding.

## Introduction

1.  This Chapter 11 proceeding was filed on February 20, 2025. [Dkt. 1].

2.  On August 1, 2025, Debtor first filed its emergency motion to surcharge certain collateral held by b1 Bank as a secured creditor in this case. [Dkt. 128].

3.  On August 8, 2025, Debtor and b1 Bank filed a stipulation, in part, postponing the hearing on Debtor's motion and approving mediation. [Dkt. 130].

4.  Thereafter, the parties proceeded to mediation with Hon. Harlin Dewayne Hale (Ret.) on September 9, 2025. Mediation was unsuccessful.

5.  On September 10, 2025, Debtor unilaterally rescheduled a hearing on its motion for September 23, 2025. [Dkt. 138].

6.  On September 15, 2025, Debtor filed its proposed Chapter 11 plan of reorganization and disclosure statement, together with its request for an emergency hearing. [Dkt. 140, 141, 142]. These matters are set for hearing on September 23, 2025, at 8:00 a.m.

7.     On September 16, 2025, Debtor filed its amended emergency motion to surcharge certain collateral held by b1 Bank.  [Dkt. 143].  This matter is set for hearing on September 23, 2025, at 8:00 a.m.  [Dkt. 143].

## Objection to Debtor's Emergency Request

8.     Debtor's request for emergency relief is set forth in a single paragraph without any explanation or supporting evidence.  [Dkt. 143 at pg. 16-17, ¶ 44].  The request for emergency relief fails for several reasons.

9.     *First*, and foremost, the request fails to comply with the Court's local rules. Specifically, Local Rule 9013-1 requires that: "The motion must include a detailed statement why an emergency exists, and the date relief is needed to avoid the consequences of the emergency." BLR 9013-1(i)[1].  Here, the motion is devoid of any substantive basis for emergency relief.  On-going negotiations between Debtor and b1Bank is not a threat to any asset of the estate and is hardly a basis for emergency relief.

10.    *Second*, Debtor's counsel fails to certify the motion and request.  Local Rule 9013-1 also requires that: "The motion seeking an emergency hearing must be certified for its accuracy by the party seeking the emergency relief or by its counsel."  BLR 9013-1(i). Here again, the motion is devoid of any certification required by the Court's local rules.

11.    Debtor's emergency request falls far short of the requirements under the Court's local rules.  *See, e.g., Stone v. Ozcelebia (In re Ozcelebi)*, No. 20-70295, 2022 Bankr. LEXIS 1375, *5-7 (Bankr. S.D. Tex. May 13, 2022) (mem. op.).[2]

---

[1] This also fails to meet the standard in Section 5 of The Court Procedures for Judge Alfredo R. Alvarez.
[2] So too, Debtor's motion does not comply with the Court's rule for "negative notice."  *Compare Motion* at pg. 1 to BLR, 9013-1(i).  *In re Ozcelebi*, 2022 Bankr. LEXIS at *6.

**B1 BANK'S OBJECTION TO DEBTOR'S AMENDED EMERGENCY MOTION
FOR ENTRY OF ORDER SURCHARGING CERTAIN COLLATERAL**                                    Page 2 of 5

12.     *Third*, despite Debtor's allegations of incurred expenses,[3] no invoices or similar documents were attached to the motion and no evidence was offered to support the motion. While it is true that Debtor may provide notice of witnesses and exhibits prior to the hearing on the motion, that information will be provided only shortly before the scheduled hearing and will not provide b1 Bank with an opportunity to review and evaluate such evidence or to have sufficient time to properly prepare a response. This is particularly true given the doubling of Debtor's claimed expenses in its amended motion it seeks to surcharge to b1 Bank's collateral. In the absence of any stated basis for an expedited hearing, b1 Bank will be deprived of an adequate opportunity to present its opposition, if any, to the motion.[4]

13.     *Fourth*, b1 Bank questions the need for an emergency motion. As noted above, on September 15, 2025, Debtor finally proposed its plan of reorganization and provided its disclosure statement. Debtor is attempting to secure emergency relief on its latest filing by way of a requested hearing only a week after the filing. In particular, Debtor does not explain why the matter of the requested surcharge cannot be addressed as a part of the confirmation proceedings which would permit b1 Bank an adequate opportunity to investigate Debtor's allegations and conduct discovery, if necessary. Debtor does not explain, let alone justify, the rush to judgment on its motion to surcharge b1 Bank's collateral in this proceeding.

14.     *Finally*, the ground initially asserted by Debtor is that its counsel has been unable to reach a negotiated agreement with b1Bank's counsel. [Dkt. 128  pg. 15-16, ¶ 40] ("B1 Bank

---

[3] In the initial motion to surcharge, Debtor listed expenses of $554,192.96. [Dkt. 128 at pg. 5-66, ¶ 18.] In its amended motion, Debtor now lists expenses of $1,001,126.97. [Dkt. 143 at pg. 6-7, ¶ 21.]

[4] To date, Debtor's counsel has provided a chart of expenses similar to that contained in the motion, albeit purportedly updated, and invoices, but without any other documentation or support. Moreover, this information wasn't provided until September 10, 2025, and then additional information including invoices on September 16, 2025 (just 7 days prior to the requested hearing). There is no way to know why the expenses were incurred, for what reason(s), whether it was the result of a sudden need for repair or deferred maintenance, or where any other reason necessitated the expenditure. Under the circumstances, proceeding with an emergency hearing is based on far too thin a reed.

has refused to meaningfully engage with the Debtor."). As noted above, Debtor's assertion is without any detail and certification has required by the Court's rules.

15. Now Debtor has changed its position, claiming the "issues contained in [its] motion is integral to ongoing Chapter 11 plan negotiations and to the Debtor's chapter 11 exist strategy." [Dkt. 143 at pg. 17, ¶ 44]. Once again, Debtor's assertion is without any detail and certification as required by the Court's rules.

16. Rather, Debtor is simply attempting to "strong arm" b1 Bank into accepting its proposed plan treatment by its emergency motion to surcharge collateral. If Debtor's bare assertion that b1 Bank's failure to engage with Debtor will support emergency relief or the issue of surcharge is integral to this case – assuming *arguendo* either is accurate – then any debtor could make such a conclusory allegation and seek emergency relief. This should end the Court's inquiry. Debtor's request for emergency relief must be denied.

Respectfully submitted,

/s/ *Michael P. Menton*
Michael P. Menton
Texas Bar I.D. 24046427
mmenton@settlepou.com

SettlePou
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR B1 BANK

**Certificate of Service**

    A true and correct copy of the foregoing document was served in accordance with the Federal Rules of Procedure and Federal Rules of Bankruptcy Procedure on September 17, 2025, on the persons/entities identified on the attached service list.

                                                                   /s/ *Michael P. Menton*
                                                                   Michael P. Menton

Michael P. Menton
Texas Bar I.D. 24046427
SettlePou
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR B1BANK

THE UNITED STATES BANKRUPTCY COURT
IN THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-90012 |
| PLATINUM HEIGHTS, LP | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |

## SERVICE LIST
(Via U.S. Mail, First Class, Postage Prepaid, Facsimile or Electronically if a Registered ECF User)

Platinum Heights, LP
1917 Ashland Street
Houston, TX 77008

Christopher Ross Travis
Jana Smith Whitworth
Office of the U.S. Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002

Omar Jesus Alaniz
Reed Smith, LLP
2850 N. Harwood St., Suite 1500
Dallas, TX 75201

Susan Fuertes
Assistant County Attorney
Harris County Attorney's Office
Attn: Property Tax Division
P.O. Box 2848
Houston, TX 77252

U.S. Trustee
515 Rusk Ave., Suite 3516
Houston, TX 77002

Jeannie L. Andersen
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064