UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| PLATINUM HEIGHTS, LP,[1] | § § | Case No. 25-90012 (ARP) |
| Debtor. | § § § § | |

STIPULATION AND AGREED INTERIM ORDER
(I) AUTHORIZING CONTINUED POSTPETITION USE OF CASH COLLATERAL,
(II) PROVIDING ADEQUATE PROTECTION TO THE SECURED LENDER,
(III) SCHEDULING A FINAL HEARING, AND (IV) PROVIDING RELATED RELIEF

Upon the motion, dated January 25, 2026 (the "**Motion**"),[2] of the debtor and debtor in possession in the above-captioned Chapter 11 Case (collectively, the "**Debtor**") and/or pursuant to the Final Order Authorizing Postpetition Use of Cash Collateral (Docket No. 95) (the "**Final Order**"), pursuant to sections 361, 362(d), 363, and 105(a) of the Bankruptcy Code; Bankruptcy Rules 4001, 6003, and 6004; and Bankruptcy Local Rule 9013-1(b); considering the Debtor's request for (i) authorization to use Cash Collateral within the meaning of section 363(a) and 363(c) of the Bankruptcy Code; (ii) approval of the form and manner of adequate protection to be provided to b1BANK as secured lender to the Debtor ("**Secured Lender**"); (iii) a waiver of any applicable stay; (iv) and to schedule a hearing on the Motion to consider entry of another final order in response to the Motion (the "**Final Hearing**"); and (v) for an order granting related relief, all as more fully set forth in the Motion or the Final Order; and this Court having jurisdiction to consider the Motion, the effect of the Final Order, and the relief requested therein pursuant to 28 U.S.C. § 1334; and after finding that consideration of the Motion, the Final Order, and the requested relief

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is Platinum Heights, LP (4367). The location of the Debtor's corporate headquarters and the Debtor's service address is: 1917 Ashland Street, Houston, Texas 77008.
[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

constitutes a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice being found adequate and appropriate under the circumstances for the purposes of the interim relief granted herein, and it appearing that no other or further notice need be provided;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY DEBTOR AND SECURED LENDER AS FOLLOWS:**

A. *Cash Collateral.* As used herein, the term "Cash Collateral" shall mean all of the Debtor's cash, wherever located and held, including cash in deposit accounts, that constitutes or will constitute "cash collateral" of Secured Lender within the meaning of section 363(a) of the Bankruptcy Code.

B. For the limited purpose of supporting the interim relief requested and granted herein, and reserving all rights as to future arguments or disputes, the Debtor and Secured Lender stipulate that:

1. The Debtor and Secured Lender shall negotiate the future use of Cash Collateral in good faith.

2. The Debtor has asserted an immediate need to use Secured Lender's Collateral (including Cash Collateral) in order to permit, among other things, the orderly continuation of the operation of the Debtor's business, to maintain business relationships with vendors, and to satisfy other operational needs.

3. The Debtor is also unable to access funds or otherwise obtain funds without incurring the Adequate Protection Obligations (as defined below) on the terms and subject to the conditions set forth in this Stipulation and Agreed Interim Order.

4. The Debtor continues to collect cash, income, proceeds, and profits generated by the Collateral all of which constitutes Collateral and Secured Lender's Cash Collateral under section 363(a) of the Bankruptcy Code. The Debtor desires and needs to use Secured Lender's Cash Collateral for general operational purposes.

5. Secured Lender is entitled to Adequate Protection as and to the extent set forth herein pursuant to sections 361, 362, and 363 of the Bankruptcy Code.

6. Based on the record of this case, the terms of the proposed Adequate Protection are fair and reasonable, reflect the Debtor's prudent exercise of business judgment and constitute reasonably equivalent value and fair consideration for the use of the Collateral, including Cash Collateral.

C.  *Use of Cash Collateral*. All Cash Collateral and all proceeds of Secured Lender's Collateral may be used on an interim basis, as set forth in the budget attached hereto as **Exhibit 1**.

D.  *Adequate Protection for Secured Lender.* As a result of the authorization for the Debtor's use of Cash Collateral, Secured Lender is entitled to receive adequate protection pursuant to sections 361, 362, and 363 of the Bankruptcy for any diminution in the value, from and after the date of entry of this Interim Order (the "**Commencement Date**"), of its interests in the Cash Collateral resulting from the automatic stay and/or from the Debtor's use of Cash Collateral. As adequate protection, Secured Lender will receive the adequate protection described in this Interim Order.

E.  *Need for Immediate Entry of this Stipulation*. The Debtor has requested immediate entry of this stipulation pursuant to Bankruptcy Rule 4001(b)(2). The permission granted herein to use Cash Collateral (and provide adequate protection therefor) is necessary, essential, and appropriate to avoid immediate and irreparable harm to the Debtor. This stipulation is in the best interests of the Debtor's estate and creditors.

Based upon the foregoing,

**THE DEBTOR AND SECURED LENDER AGREE AND STIPULATE THAT,** and upon being ordered by the Court, **IT IS HEREBY ORDERED THAT:**

1. Nothing herein shall modify the terms of any previous Order of this Court, including without limitation the Final Order, or any prior stipulation permitting the use of Cash Collateral and the Debtor and Secured Lender reserve all their respective rights to prosecute or

object to the Motion including but not limited to arguments with respect to the effect of the Final Order.

2. The Debtor is authorized to use Cash Collateral as set forth in this stipulation commencing from the Commencement Date (as defined below).

3. Secured Lender is entitled, pursuant to sections 361, 362, 363(c)(2), and 363(e) of the Bankruptcy Code, to adequate protection of its interests in the Cash Collateral, solely to the extent of the postpetition diminution in value of Secured Lender's interest in the Cash Collateral resulting from, among other things, the use, sale or lease by the Debtor of Cash Collateral and the imposition or enforcement of the automatic stay pursuant to section 362(a) of the Bankruptcy Code (collectively, "**Diminution in Value**"). As Adequate Protection of its interests, the Secured Lender shall receive the following (collectively, the "**Adequate Protection Obligations**"):

   a. *Replacement Liens*: Effective as of the date the bankruptcy case was filed (the "**Petition Date**"), valid, binding, enforceable and automatically perfected liens in all post-petition property of the Debtor which, but for the commencement of this chapter 11 case, would constitute Secured Lender's collateral, and to the same extent, and with the same priority as Secured Lender's liens existing as of the Petition Date; and

   b. *Adequate Protection Payments*: The Debtor shall resume and continue its regularly scheduled monthly payments to the Secured Lender under the relevant Promissory Note and related loan documents in the amount of $191,134.00.

4. The provisions of this stipulation, shall be binding upon all parties in interest in these Chapter 11 Cases, including, without limitation, Secured Lender, the Debtor, and its respective successors and assigns (including any trustee hereinafter appointed or elected for the

estate of the Debtor, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of the Debtor or with respect to the property of the estate of the Debtor).

5. Except as explicitly provided for herein, this stipulation does not create any rights for the benefit of any third-party, creditor, equity holder, or any direct, indirect, third-party or incidental beneficiary.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this stipulation are effective immediately and enforceable upon its entry (the "**Commencement Date**").

7. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

8. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

9. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this stipulation shall be immediately effective and enforceable upon its entry.

10. The Debtor is authorized to take all actions necessary or appropriate to carry out the terms and conditions set forth in this stipulation.

11. A final hearing to consider the relief requested in the Motion shall be held on February 17, 2026, at 9:00 a.m. (Central Time). Any objections or responses to the Motion must be filed on or prior to February 10, 2026, at 4:00 p.m. (Central Time).

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this stipulation.

- 6 -

Dated: _____ \_\_\_, 2026

_____
THE HONORABLE ALFREDO R. PÉREZ
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| */s/ Omar J. Alaniz* | */s/ R. Joseph Naus* |
| Omar J. Alaniz | R. Joseph Naus |
| Reed Smith LLP | Wiener Weiss & Madison, APC |
| 2850 N. Harwood Street | 330 Marshall Street |
| Suite 1500 | Suite 1000 |
| Dallas, TX 75201 | Shreveport, LA 71120 |
| Telephone: (469) 680-4292 | Telephone: (318) 213-9244 |
| E-mail: oalaniz@reedsmith.com | E-mail: rjnaus@wwmlaw.com |
| | |
| *Attorney for the Debtors* | *Attorney for b1BANK* |

# **EXHIBIT 1**

**Cash Collateral Budget**

**Platinum Heights LP**
*Updated Cash Budget*

| Period:<br>Week Ending: | Forecast<br>41<br>1/30/26 | Forecast<br>42<br>2/6/26 | Forecast<br>43<br>2/13/26 |
|---|---:|---:|---:|
| BEGINNING CASH | $ 219,637 | $ 181,509 | $ 11,451 |
| **RECEIPTS** | | | |
| PAM Health: Base + Additional Rent | - | 69,211 | - |
| Ashland Healthcare: Base + Additional Rent | - | - | - |
| **Total Cash Receipts** | - | 69,211 | - |
| **DISBURSEMENTS** | | | |
| *Operations* | | | |
| Property Insurance | - | - | - |
| HVAC Rental | (24,681) | - | - |
| Utilities | - | (54,500) | - |
| Water Management | (7,400) | - | - |
| Repairs & Maintenance | (2,000) | (2,000) | (2,000) |
| General & Administrative | (500) | (500) | (500) |
| Property Taxes | | | |
| **Total Operations** | **(34,581)** | **(57,000)** | **(2,500)** |
| *Bankruptcy Costs* | | | |
| Prepetition Secured Lender Adequate Assurance | - | (182,269) | - |
| United States Trustee Fee | (3,547) | - | - |
| Reed Smith | - | - | - |
| Harney Partners | - | - | - |
| **Total Bankrutpcy Costs** | **(3,547)** | **(182,269)** | **-** |
| **Operating Cash Flow** | **(38,128)** | **(170,058)** | **(2,500)** |
| **DIP Advances** | - | - | - |
| **Held Pending Agreement or Surcharge Decision** | - | - | - |
| **Ending Cash Balance** | **181,509** | **11,451** | **8,951** |
| | | | |
| **Total DIP Advances** | | | |
| Beginning Balance | 605,000 | 605,000 | 605,000 |
| Advances | - | - | - |
| Paydowns | - | - | - |
| **Ending Balance** | **605,000** | **605,000** | **605,000** |