United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 16, 2026

Nathan Ochsner, Clerk

**THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| PLATINUM HEIGHTS, LP | § § | Case No. 25-90012 (ARP) |
| Debtor.[1] | § § § § § § | |

## ORDER GRANTING PLAN ADMINISTRATOR'S FIRST DISTRIBUTION MOTION

Upon the Plan Administrator's Emergency First Motion to Distribute Sale Proceeds (the "**Motion**") and the Court having reviewed the Motion, and having determined that this Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the Amended Standing Order of Reference from the United States District Court for the Southern District of Texas dated May 24, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of these Chapter 11 Cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and upon the record of the hearing held on the Motion, if any, and all proceedings had before this Court; and it appearing that the relief requested by the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein,

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is Platinum Heights, LP (4367). The location of the Debtor's corporate headquarters and the Debtor's service address is: 1917 Ashland Street, Houston, Texas 77008.

**THE COURT FINDS AS FOLLOWS:**

A.       The Court confirmed the Third Plan of Reorganization of Debtor Platinum Heights, LP (the "**Plan**") and entered the Confirmation Order on April 29, 2026. The Plan became effective on or about May 30, 2026.

B.       Erik White was appointed as Plan Administrator on the Effective Date, with all powers, authority, and responsibilities specified in the Plan, including the powers of a trustee under sections 704 and 1106 of the Bankruptcy Code.

C.       The Plan defines a "Distribution Motion" as a motion of the Plan Administrator requesting authority from the Bankruptcy Court to distribute the Restructuring Proceeds in accordance with the Plan, and a "Distribution Order" as an order of the Bankruptcy Court resolving the Distribution Motion.

D.       Under Section 3.3(b) of the Plan, the Holder of the Allowed Secured Lender Claim is entitled to receive, upon entry of the Distribution Order, subject to the Carve Out, the Net Transaction Proceeds.

E.       The Secured Lender Claim is deemed Allowed in the amount of $26,700,000.00 under the Plan.

F.       The Plan Administrator received Sale Proceeds in the amount of $25,150,254.86 following the closing of the Sale Transaction on May 30, 2026.

G.       Under Section 11.1(v) of the Plan, the Court expressly retained jurisdiction to hear and determine the Distribution Motion and enter the Distribution Order.

H.       The Plan Administrator has determined, in his reasonable business judgment and consistent with the Plan's distribution waterfall set forth in Section 5.7 of the Plan, that sufficient

funds will remain after the distributions authorized herein to satisfy all administrative and priority claims.

I.      No party in interest has filed an objection to the Motion.

J.      The relief requested in the Motion is authorized by the Plan, is in the best interests of the Estate and its creditors, and is consistent with sections 105(a), 1123, and 1142 of the Bankruptcy Code.

Based upon the foregoing, and for good cause shown, **IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      This Order constitutes a "Distribution Order" as defined in Article I, ¶ 43 of the Plan with respect to the distributions authorized herein.

3.      The Plan Administrator is authorized and directed to make the following distributions from the Sale Proceeds, in accordance with the Plan:

(a)      $21,000,000.00 to b1Bank on account of the Allowed Secured Lender Claim (Class 2), representing an interim distribution of Net Transaction Proceeds pursuant to Section 3.3(b) of the Plan;

(b)      $1,500,000.00 to be held for the benefit of Professionals on account of the Carve Out, to be distributed upon entry of an order of this Court approving payment of Professional Fee Claims;

(c)      $253,500.00 for payment of United States Trustee Fees;

(d)      $30,000.00 to fund the Wind Down Reserve in accordance with Section 5.5 of the Plan; and

(e)      $25,000.00 for payment of Allowed Administrative Expenses.

4.      The Plan Administrator shall make the distributions authorized in paragraph 3 to b1Bank  soon as reasonably practicable following entry of this Order, and in no event later than 5:00 p.m. Central Time on June 25, 2026, in accordance with the terms of the Plan, including Article VI thereof.

5.      Upon making the distribution to b1Bank authorized herein, b1Bank's Allowed Secured Lender Claim shall be reduced by the amount distributed.

6.      The Plan Administrator shall retain $2,341,754.86 from the Sale Proceeds pending further order of this Court, to satisfy any remaining administrative and priority claims, including any claims that may be asserted prior to the expiration of applicable bar dates.

7.      Nothing in this Order shall prejudice the Plan Administrator's right to file subsequent Distribution Motions seeking authority to distribute additional Sale Proceeds in accordance with the Plan. The Plan Administrator's authority under Section 5.20 of the Plan to seek further orders necessary to carry out the Plan's provisions is expressly preserved.

8.      Nothing in this Order shall affect or modify the Secured Lender's rights under or related to the Assignment of Rents, including without limitation the Guaranty or as to any Guarantor, which rights are expressly preserved in accordance with Section 5.21 of the Plan.

9.      The Plan Administrator is authorized to execute and deliver all documents and take all actions necessary to effectuate the distributions authorized herein, in accordance with Sections 5.2 and 5.16 of the Plan.

10.     The Carve Out amount of $1,500,000.00 shall only be distributed after entry of order of this Court approving Professional Fee Claims in accordance with Section 2.3 of the Plan, provided however, that the Carve Out may be used to satisfy Professional Fee Claims that have been approved under an interim order of the Court.

11.     The claims and noticing services (the "*Claims and Noticing Services*") provided by Epiq Corporate Restructuring, LLC ("*Epiq*") for this Chapter 11 Case pursuant to the *Order Authorizing the Employment and Retention of Epiq Corporate Restructuring, LLC as Noticing and Solicitation Agent* [Docket No. 259] are terminated and Epiq shall have no further obligations to this Court, the Plan Administrator, or any other party in interest with respect to the Claims and Noticing Services in the Chapter 11 Case.

12.     Notwithstanding Bankruptcy Rule 6004(h) or any other Bankruptcy Rule, this Order shall be effective and enforceable immediately upon its entry.

13.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: June 16, 2026

_____
Alfredo R Pérez
United States Bankruptcy Judge

5