**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **PLATINUM HEIGHTS, LP,** | § | **Case No. 25-90012** |
| | § | |
| **Debtor.** | § | |
| | § | |

**IPFS CORPORATION'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(1)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

IPFS Corporation ("IPFS") files this Motion for Allowance and Payment of Administrative Expense Claim Under 11 U.S.C. § 503(b)(1) (the "Motion") and respectfully states as follows:

## Introduction

1. On February 20, 2025 (the "Petition Date"), Platinum Heights, LP (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**Jurisdiction and Venue**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O). The statutory predicates for the relief requested herein are sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code.

**Factual Background**

5. On April 22, 2025, the Debtor filed its *Motion for Order Pursuant to Sections 105(a), 363 and 364 of the Bankruptcy Code for Authority to Enter Into Insurance Premium Financing Agreement* [ECF No. 90] (the "PFA Motion"). The PFA Motion sought authority for the Debtor to enter into a premium financing agreement with IPFS dated as of March 3, 2025 (the "2025 PFA") to finance the premium for property insurance on the Debtor's medical professional building located at 1917 Ashland Street, Houston, Texas. On May 20, 2025, the Court entered its *Order Authorizing Debtor to Enter Into Insurance Premium Finance Agreement* [ECF No. 104] (the "PFA Order"). Pursuant to section 364(c) of the Bankruptcy Code, the PFA Order authorized the Debtor to enter into the 2025 PFA and granted IPFS a first priority security interest in the property insurance and its unearned premiums.

6. The PFA Order further provides that IPFS's rights under the premium finance agreement and controlling state law "are hereby fully preserved and protected and are and shall remain unimpaired by the pendency of this or any subsequent proceeding under the Bankruptcy Code," and that IPFS's lien is senior to the liens of all other secured creditors in the Debtor's assets. PFA Order ¶¶ 6–7.

7. On or about March 4, 2026, the Debtor entered into a second premium finance agreement with IPFS (Account No. MOK-C93031-1) (the "Property PFA") to finance the premium for property insurance covering the Debtor's property. The insured address listed in the Property PFA is White Rock Medical Center, 9440 Poppy Drive, Dallas, Texas 75218. The total premium was $237,208.74. After a down payment of $23,720.87, the remaining $213,487.87, plus a finance charge of $12,272.50, was payable in 11 monthly installments of $20,523.67 at an annual percentage rate of 11.32%.

8. The Debtor made only one installment payment of $20,523.67, on April 6, 2026, and failed to make any subsequent payments. Late fees of $1,026.18 each were assessed on May 18, 2026, and June 18, 2026. IPFS issued a Notice of Intent to Cancel on May 18, 2026, and a Notice of Cancellation on June 1, 2026, and the account was placed in default on June 4, 2026. After crediting return premiums of $151,393.95 received on July 9, 2026, and $20,426.25 received on August 7, 2026, a balance of $35,468.86 remains outstanding (the "Administrative Expense Claim").

9. The property insurance financed under the Property PFA was a postpetition expense that was actual and necessary to preserve the Debtor's estate.

**Request for Payment of the Administrative Expense Claim**

10. IPFS is entitled to payment for the postpetition insurance premium it financed for the Debtor.

11. Under the Bankruptcy Code, the "actual, necessary costs and expenses of preserving the estate" are allowed administrative expenses entitled to priority. 11 U.S.C. §§ 503(b)(1)(A), 507(a)(2). Administrative priority is given to postpetition vendors as an inducement to do business with the debtor's estate. *Toma Steel Supply, Inc. v. TransAmerican Natural Gas*

*Corp. (In re TransAmerican Natural Gas Corp.)*, 978 F.2d 1409, 1416 (5th Cir. 1992) (citing *In re Coastal Carriers Corp.*, 128 B.R. 400, 403 (Bankr. D. Md. 1991)).

12. As the Fifth Circuit has explained, the "'benefit' requirement has no independent basis in the Code, however, but is merely a way of testing whether a particular expense was truly 'necessary' to the estate: If it was of no 'benefit,' it cannot have been 'necessary.'" *Texas v. Lowe (In re H.L.S. Energy Co.*), 151 F.3d 434, 437 (5th Cir. 1998) (quoting 4 *Collier on Bankruptcy* ¶ 503.06[3][b] (Lawrence P. King ed., 15th rev. ed. 1998)). To qualify as an actual and necessary cost, an obligation (1) must have arisen from a transaction with the debtor in possession, and (2) the goods or services supplied must have enhanced the ability of the debtor in possession's business to function. *TransAmerican*, 978 F.2d at 1416.

13. The Debtor's postpetition property insurance, financed under the Property PFA, was an actual and necessary cost of preserving the Debtor's estate. The insurance protected the Debtor's real property, its principal asset, from loss and allowed the Debtor to comply with its obligations as a debtor in possession. Accordingly, IPFS is entitled to an allowed administrative expense claim under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

14. By this Motion, IPFS requests entry of an order, substantially in the form submitted herewith, allowing the Administrative Expense Claim in the amount of $35,468.86 and directing the Debtor to pay it within fourteen (14) days.

15. A true and correct copy of the Property PFA is attached hereto as **Exhibit A**.

16. A true and correct copy of the Account History is attached hereto as **Exhibit B**.

17. A true and correct copy of the PFA Order is attached hereto as **Exhibit C**.

**Notice**

18. Notice of this Motion has been provided by to counsel for the Debtor, the Office of the United States Trustee for the Southern District of Texas, counsel for B1 Bank (the Secured Lender), and to all parties requesting notice under Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). Under the notice legend above, any response must be filed and served within 21 days after service of this Motion.

WHEREFORE, IPFS respectfully requests that the Court enter an order (i) allowing the Administrative Expense Claim in the amount of $35,468.86; (ii) directing the Debtor to pay the Administrative Expense Claim; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: October 19, 2026

Respectfully submitted,

*/s/ Esther McKean*
Esther A. McKean (SBN 24122145)
David W. Parham (SBN 15459500)
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 720-4300
esther.mckean@akerman.com
david.parham@akerman.com

*Counsel for IPFS Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2026, a true and correct copy of the foregoing was served through the Court's CM/ECF system on all parties registered to receive electronic notice, and by U.S. Mail on the parties listed below.

**Omar Jesus Alaniz**
Reed Smith, LLP
2850 N. Harwood St.
Suite 1500
Dallas, TX 75201

**Platinum Heights, LP**
1917 Ashland Street
Houston, TX 77008

**Jana Smith Whitworth**
Office of United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002

Michael P. Menton, Esq.
Danika L. Lopez, Esq.
SettlePou 3333 Lee Parkway
Eighth Floor
Dallas, Texas 75219

*/s/ Esther McKean*
Esther McKean