**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **PLATINUM HEIGHTS LP,** | § | |
| | § | **Case No. 25-90012 (ARP)** |
| **Debtor.** | § | |
| | § | |

**PLAN ADMINISTRATOR'S OBJECTION TO IPFS CORPORATION'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(1)**

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU ASSERTED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

The above-captioned debtor (the "Debtor"), by and through the Plan Administrator, files this objection (the "Objection") to *IPFS Corporation's Motion for Allowance and Payment of Administrative Expense Claim under 11 U.S.C. § 503(b)(1)(A)* [Dkt. No. 406] (the "Motion").[1] In support of the Objection, the Plan Administrator respectfully states the following:

## BACKGROUND

1. On February 20, 2025 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a petition for relief under chapter 11 of the Bankruptcy Code. No trustee, committee or examiner was appointed in the Chapter 11 Case.

2. On March 5, 2026, the Debtor filed the *Disclosure Statement for the Second Plan of Reorganization of Debtor Platinum Heights, LP* [Dkt. No. 292] (as modified, the "Disclosure Statement"). On March 6, 2026, the Court entered the *Order (I) Scheduling a Combined Disclosure*

[1] Capitalized terms used herein but otherwise undefined have the meaning provided in the Motion or the Plan as applicable.

*Statement Approval and Plan Confirmation Hearing; (II) Conditionally Approving the Disclosure Statement; (III) Establishing a Plan and Disclosure Statement Objection Deadline and Related Procedures; (IV) Approving the Solicitation Procedures; (V) Approving the Combined Notice; and (VI) Granting Related Relief* [Dkt. No. 294] (the "Solicitation Procedures Order"). On April 20, 2026, the Debtor filed the *Third Amended Plan of Reorganization of Debtor Platinum Heights, LP* [Dkt. No. 358] (as amended, the "Plan").

3. On April 29, 2026, this Court entered the *Findings of Fact, Conclusions of Law and Order (I) Approving the Debtor's Disclosure Statement on a Final Basis and (II) Confirming the Third Plan of Reorganization of Debtor Platinum Heights, LP* [Dkt. No. 367] (the "Confirmation Order") approving the Disclosure Statement on a final basis and confirming the Plan.

4. On May 30, 2026, the Debtor filed the *Notice of Confirmation and Effective Date of Third Plan of Reorganization of Platinum Heights, LP Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 375] (the "Effective Date Notice"), which stated that all conditions precedent to the effectiveness of the Plan had occurred or been waived in accordance with the terms of the Plan and that the Effective Date had occurred on May 30, 2026. The Effective Date Notice provided that in accordance with the terms of the Plan and Confirmation Order, all request for payment of administrative expense claims must be filed and served so as actually received on or before June 29, 2026.

**THE PROPERTY PFA**

5. On or about March 4, 2026, the Debtor entered into a second premium finance agreement with IPFS (Account No. MOK-C93031-1) (the "Property PFA") to finance the premium for property insurance covering the property of a non-debtor affiliate of the Debtor, White Rock Medical Center, LLC ("White Rock"). White Rock's separate reorganization (along with its debtor

and debtor in possession affiliates) was pending before this Court under the jointly administered Case No. 26-90115. The insured address listed in the Property PFA is White Rock Medical Center, 9440 Poppy Drive, Dallas, Texas 75218. This property is the property and service address of White Rock. The Debtor had no interest in this property, and does not claim this property as an estate asset or necessary or in any way impactful to the administration of the Debtor's estate.

6. The Motion asserts the Administrative Expense Claim in the amount of $35,468.86 as an actual, necessary cost and expense of the Debtor's estate. This assertion is incorrect. The Property PFA did not benefit the Debtor's estate and the Administrative Expense Claim is deemed disallowed because it was untimely filed. For the reasons set forth below the relief requested in the Motion should be denied.

## <u>OBJECTION</u>

*A. The Property PFA did not Provide a Benefit to the Debtor's Estate*

7. The Motion asserts that IPFS is entitled to payment for the postpetition insurance premium as it provided a benefit to the Debtor's estate. Section 503(b)(1)(A) of the Bankrutpcy Code provides that the "actual, necessary costs and expenses of preserving the estate" are allowed administrative expenses entitled to priority. 11 U.S.C. §§ 503(b)(1)(A), 507(a)(2).

8. The Property PFA itself shows that no benefit was conferred to the Debtor's estate. The property insurance that was financed pursuant to the Property PFA did not insure property of the Debtor. The maintenance of insurance on the property of White Rock did not benefit the Debtor's estate. As stated in the Motion, the Property PFA was entered into on or about March 4, 2026. By that period, the Court was about to enter the Solicitation Procedures Order, and the Debtor was set to commence the solicitation of the Plan in furtherance of a consensual plan process. The financing of property of another entity did not, and could not have, benefited the

Debtor's estate. Status as an administrative expense under section 503(b)(1)(A) is therefore unwarranted.

9. On October 25, 2026, counsel to the Plan Administrator informed IPFS that the Motion had been filed in the wrong case, informed IPFS that the Motion would be more appropriately filed in White Rock's post-confirmation case, and requested withdrawal of the Motion. IPFS counsel responded that they would "look into" the matter, but did not withdraw the Motion. The Plan Administrator was left with no choice but to file this Objection.[2]

*B. The Motion is Not Timely and the Administrative Expense Claim is Disallowed in Accordance with the terms of the Plan*

10. IPFS' request for allowance of the Administrative Expense Claim as an administrative expense under section 503(b) of the Bankruptcy Code must be denied as it is untimely.

11. Section 2.1 of the Plan provides that "all requests for allowance and payment of Administrative Claims (other than (i) Professional Fee Claims (such claims are subject the Professional Fee Claims Bar Date), (ii) Claims asserted under section 503(b)(9) of the Bankruptcy Code (such Claims are subject to the General Bar Date), (iii) U.S. Trustee Fees, (iv) Administrative Claims that have been Allowed on or before the Effective Date, and (v) Administrative Claims that were already asserted in the Chapter 11 Case pursuant to a timely Proof of Claim in accordance with the Bar Date Order), must be filed and served on the Debtor or, after the Effective Date, the Plan Administrator, and its counsel, so as to actually be received on or before the Administrative Claims Bar Date." Plan at 2.1(b). The Administrative Claims Bar Date is defined as "the first Business Day that is thirty (30)days following the Effective Date, which date shall be the deadline

[2] The administrative claims bar date in White Rock's chapter 11 cases occurred on November 2, 2026. The Plan Administrator makes no assertion as to the propriety of any claim filed by IPFS in the White Rock chapter 11 cases and does not assert that any untimely claim of IPFS or any other party to the White Rock chapter 11 cases will be allowed in the White Rock chapter 11 cases.

for filing requests for payment of Administrative Claims other than (a) Professional Fee Claims (such claims are subject to the Professional Fee Claims Bar Date), (b) claims asserted under section 503(b)(9) of the Bankruptcy Code (such claims are subject to the General Bar Date), (c) U.S. Trustee Fees, (d) Administrative Claims that have been Allowed on or before the Effective Date, and (e) Administrative Claims that were already asserted in the Chapter 11 Case pursuant to a timely Proof of Claim in accordance with the Bar Date Order." Plan at Art I(a)(2).

12. The Plan goes on to state that "Holders of Administrative Claims… that do not file and serve a request for allowance and payment of an Administrative Claim by the Administrative Claims Bar Date **shall be forever barred, estopped, and enjoined from asserting Administrative Claims against the Debtor, Plan Administrator, the Estate, or their assets and properties, and any Administrative Claims shall be deemed Disallowed as of the Effective Date without the need for any notices, objection, or other action from the Debtor or the Plan Administrator, as applicable, or any action or approval of the Bankruptcy Court.** Plan at 2.1(d) (emphasis added).

13. Paragraph 40 of the Confirmation Order provides that all requests for allowance and payment of Administrative Claims must be filed by the Administrative Claims Bar Date. Confirmation Order at ¶ 40.

14. The Effective Date occurred on May 30, 2026, and the Administrative Claims Bar Date was fixed as June 29, 2026. The Motion was filed on October 19, 2026, nearly five full months after the Administrative Claims Bar Date. The Motion does not provide any cause or basis to excuse this extremely late filing. By the plain terms of the Plan, as confirmed by the Confirmation Order, the Administrative Expense Claim was deemed disallowed as of May 30,

2026. For this reason and the other reasons stated herein the relief requested in the Motion should be denied.

## NOTICE

This Objection is being served on all parties requiring notice under the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the Complex Case Procedures for the Southern District of Texas. The Plan Administrator respectfully submits that no further notice is required under the circumstances.

**WHEREFORE**, the Plan Administrator requests this Court deny the relief requested in the Motion, deny allowance of the Administrative Expense Claim and grant such other relief as is just and proper.

Dated: November 9, 2026
Houston, Texas

Respectfully submitted,

By: */s/ Omar J. Alaniz*

**REED SMITH LLP**
Omar J. Alaniz (SBN 24040402)
2850 N. Harwood Street, Suite 1500
Dallas, Texas 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
E-mail: oalaniz@reedsmith.com

*Counsel to the Plan Administrator*

## Certificate of Service

I certify that on November 9, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Omar J. Alaniz*
Omar J. Alaniz